FILED
February 14, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: JU
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ELLERY CARTER, SID #681667,** | **§** | |
| | **§** | |
| **Plaintiff,** | **§** | |
| | **§** | |
| | **§** | **SA-21-CV-00998-OLG** |
| **v.** | **§** | |
| | **§** | |
| **SHERIFF SUSAN HAMILTON, ET AL.,** | **§** | |
| | **§** | |
| **Defendants.** | **§** | |

**ORDER OF DISMISSAL**

Before the Court is Plaintiff Ellery Carter's ("Carter") *pro se* 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). Carter is proceeding *in forma pauperis* ("IFP"). (ECF No. 4). On December 8, 2021, the Court ordered Carter to show cause, on or before January 7, 2022, why his section 1983 claims should not be dismissed for want of jurisdiction, for failure to state a claim upon which relief may be granted, and for seeking improper relief. (ECF No. 7); *see* U.S. CONST. amend. XI; 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Carter was specifically advised that if he failed to comply with the Show Cause Order, his Complaint could be dismissed for failure to prosecute and failure to comply with the Order. (ECF No. 7); *see* FED. R. CIV. P. 41(b). To date, Carter has not responded to the Court's Order.[1] Upon consideration, and to the extent Carter intended to sue the Governor of the State of Texas in his official capacity for monetary damages, such claims are **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**. (ECF No. 1); *see* U.S. CONST. amend. XI. Carter's remaining section 1983 claims are

[1] Carter filed a document on January 12, 2022. (ECF No. 8). However, that document is not responsive to the Court's Show Cause Order. (*Id.*).

**DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. (ECF No. 1); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). To the extent Carter seeks the remedy of release as relief for his claims, his claims are **DISMISSED WITHOUT PREJUDICE** to the refiling of a petition for writ of habeas corpus following exhaustion of his state–court remedies. (ECF No. 1); *see* 28 U.S.C. § 2241. Finally, Carter's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's Show Cause Order. (ECF Nos. 1, 7); *see* FED. R. CIV. P. 41(b).

**BACKGROUND**

Carter filed this section 1983 civil rights action against what the Court believes to be the following Defendants: (1) Sheriff Susan Hamilton[2]; (2) Bexar County Sheriff Javier Salazar; (3) the BCADC Research Facility ("BCADC"), which the Court construes as the Bexar County Adult Detention Center ("BCADC"); (4) the San Antonio Police Department ("SAPD"); (5) the Mayor of San Antonio; (6) the Governor of Bexar County; (7) the Capitol of Texas; (8) the U.S. Capitol; and (9) the U.S. President. (ECF No. 1). Carter seems to allege violations of his constitutional rights based his arrest by state officials at the federal courthouse. (*Id.*). Carter alleges he was at the federal courthouse filing documents and waiting for copies to be processed when he was arrested based on items found in a bag he was carrying. (*Id.*). Bexar County records show Carter is currently confined in the BCADC for possession of a controlled substance, four grams to two hundred grams. Search Results (bexar.org) (last visited Feb. 10, 2022). Thus, it appears the

[2] Sheriff Javier Salazar has been the Bexar County Sheriff since 2017. *See* Bexar County Sheriff Javier Salazar | Bexar County, TX - Official Website (last visited Feb. 10, 2022). Prior to her 2018 appointment as United States Marshal for the Western District of Texas, Susan Pamerleau served as the Bexar County Sheriff. *See* U.S. Marshals Service, United States Marshal (usmarshals.gov) (last visited Feb. 10, 2022). The Court has not found any prior Bexar County Sheriff with the name "Susan Hamilton." The Court assumes Carter mean to name former Bexar County Sheriff Susan Pamerleau as a defendant in this matter.

items found in Carter's bag were narcotics. Carter seeks various forms of relief, some comprehensible, others not. (ECF No. 1).

**APPLICABLE LAW**

Under section 1915A(b)(1) of Title 28 of the United States Code, this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed IFP if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted). Such a dismissal may occur at any time, before or after service of process and before or after a defendant files an answer. *Shanklin v. Fernald*, 539 F. Supp.2d 878, 882 (W.D. Tex. 2008) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule

12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When reviewing a *pro se* plaintiff's complaint, the court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)); *see Haines v. Kerner*, 404 U.S. 519 , 520–21(1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## APPLICATION

### *A. Rule 8 of the Federal Rules of Civil Procedure — Vague, Illegible Allegations*

Carter's Complaint is nearly illegible, and it is unclear exactly who he is suing, what acts or omissions were committed, and what constitutional provisions were allegedly violated. The following is Carter's "Statement of Claim" from his Complaint:

Release from BCADC [illegible] 78207 21.9.7/18.03.22. Filed suit 21.9.3.21.1000. Federal ID stolen by Federal Police at 1555 E. Cesar Chavez 78204 Returned 21.9.4.22 for filing and copies. While waiting for copies processed more forms needed [illegible] went out to retrieve [illegible] back-pack [illegible] did not [illegible] notice while filing till [illegible] came [illegible] Gave [illegible] interview while explaining what contents of bag [illegible] exact [illegible] SAPD [illegible] 555 [illegible]. Bexar County tickets and all were resolved. Still waiting for copies. SAPD arrests and [illegible] me while Fed, State, and Bexar County [illegible] and Charges me w/ exactly the same Charge I was recently released

**RELIEF:** and aquited from. Still here

(ECF No. 1). To state a claim pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," which means that "[f]actual allegations must be enough to raise a right to relief above the speculative level;" "labels and conclusions … will not do." *Twombly*, 550 U.S. at 555–56, 570; *see* FED. R. CIV. P. 8(a) (stating pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). Under the notice pleading requirement for a federal lawsuit, Carter is required, among other things, to: (1) state with particularity the acts or omissions committed by those he claims caused him damage; and (2) identify the constitutional provisions allegedly violated by those acts or omissions. *See* FED. R. CIV. P. 8(a).

Carter has failed to comply with Rule 8, and therefore, has failed to provide sufficient facts to state a proper 1983 claim against Defendants. Specifically, Carter has failed to: (1) properly identify each Defendant against whom relief is sought; (2) state the specific acts or omissions he contends *each* named Defendant committed by stating with particularity each act or omission and which Defendant committed it; (3) provide the date or dates each act or omission occurred; (4) state the constitutional amendment allegedly violated *by each act or omission*, for example, First Amendment, Fourth Amendment, Eighth Amendment, etc., or describe the right allegedly

violated; and (5) state the relief sought for each alleged violation. Thus, Carter's has failed to state a viable claim pursuant to Rule 8, and his claims are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); FED. R. CIV. P. 8(a).

***B. Section 1983 Inapplicable to Federal Actors***

Carter has named the United States President as a defendant. (ECF No. 1). However, by its very terms, section 1983 applies to state, not federal actors. 42 U.S.C. § 1983. To state a claim under section 1983, the plaintiff must allege a person acting under the color of *state* law, i.e., a state actor, deprived the plaintiff of a right secured by federal law or the Constitution. *Id.*; *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 572 U.S. 1087 (2014). The President of the United States is not a state actor. Thus, the President is not subject to claims brought pursuant to section 1983. Accordingly, Carter has failed to state a claim upon which relief may be granted with regard to the United States President. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

***C. No Personal Involvement***

To state a section 1983 claim against a defendant, a plaintiff must allege the defendant was personally involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. *See Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (holding that under section 1983, officials are not vicariously liable for conduct of those under their supervision, they are accountable for their own acts and for implementing unconstitutional policies that result in constitutional deprivations); *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish

that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'").

Carter has not alleged Defendants Hamilton/Pamerleau, Salazar, or the Mayor were personally involved in any alleged constitutional violation or that any of them were responsible for a policy or custom that gave rise to any alleged constitutional deprivation. (ECF No. 1). In the absence of allegations that these Defendants were personally involved in the alleged constitutional violations or responsible for a policy or custom that gave rise to such constitutional deprivations, Carter has failed to state a claim upon which relief may be granted. *See Alderson*, 848 F.3d at 420; 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

***D. Non–Jural Entities Not Subject to Suit***

The "[c]apacity to sue or be sued" is governed by "the law of the state where the court is located." FED. R. CIV. P. 17(b)(3). Thus, Texas law governs this question. To be subject to suit, a department or office must enjoy a separate legal existence. *Id.* A separate legal existence is created only when the political entity that created the department or office has taken "'explicit steps to grant the servient agency with jural authority.'" *Id.* (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). In the absence of jural authority, the servient department, agency, or office lacks the capacity to be sued. *Id.* Texas federal courts have consistently held entities without a separate jural existence are not subject to suit. *See, e.g., Batyukova v. Doege*, No. 5:19-CV-00391-JKP, 2019 WL 6699788, at *3 (W.D. Tex. Dec. 9, 2019) (holding BCSO not legal entity capable of being sued).

*1. BCADC*

Carter has failed to state a viable section 1983 claims against the BCADC because final Bexar County policymakers have not authorized the BCADC to enjoy a jural existence separate and apart from Bexar County, Texas. *See Brown v. Bexar Cnty. Hosp. Dist.*, No. SA-15-CA-123, 2015 WL 3971388, at *1, n.1 (W.D. Tex. June 30, 2015); *see also* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Additionally, to the extent Carter intended to name Bexar County as a defendant by naming the BCADC as a defendant, he has failed to state a viable section 1983 claim. (ECF No. 1). To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom that caused the alleged constitutional deprivation. *Bd. of Cnty. Comm'rs Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403–04 (1997); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). Carter fails to allege Bexar County has a policy or custom relating to any alleged violation of his constitutional rights. (ECF No. 1); *see Brown*, 520 U.S. at 403–04 (1997); *Monell*, 436 U.S. at 690–91.

Accordingly, as to the BCADC, and to the extent he seeks to sue Bexar County, the Court finds Carter has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

*2. SAPD*

To sue a city department in Texas, "[the department] must enjoy a separate legal existence," i.e., it must be a "separate and distinct corporate entity." *Lone Star Chapter Paralyzed Veterans of Am. v. City of San Antonio*, No. 10–CV–316–XR, 2010 WL 3155243, at *1 (W.D. Tex. Aug. 10, 2010) (quoting *Darby*, 939 F.2d at 313). Accordingly, unless the "true political entity" has granted

the department jural authority, it may not sue or be sued. *Id.* This Court has previously found that SAPD has not been granted jural authority, noting that as a home-rule municipality that reserved all general powers, including the right to sue or be sued, the City of San Antonio ("the City") created SAPD as a department of city government, but did not grant it the right to sue or be sued. *Id.* (citing SAN ANTONIO CHARTER art. V, § 50(3)).[3]

To the extent Carter seeks to recover against the City by suing the SAPD, such claim fails for the same reason any claim against Bexar County fails. A county or municipality is not strictly liable for the acts of its employees or officers but is liable only for acts pursuant to official policy or custom. *See Brown*, 520 U.S. at 403–04; *Monell*, 436 U.S. at 690–91. Carter has failed to allege or demonstrate the existence of a City policy or custom that caused an alleged constitutional deprivation. (ECF No. 1); *see Brown*, 520 U.S. at 403–04; *Monell*, 436 U.S. at 690–91.

Accordingly, as to the SAPD, and to the extent he seeks to sue the City, the Court finds Carter has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

***E. Non–State Actors***

Carter has named the Capitol of Texas and the U.S. Capitol as defendants. (ECF No. 1). There are two essential elements to a section 1983 action: (1) the conduct of which the plaintiff complains must be committed *by a person* acting under color of state law; and (2) the conduct complained of must deprive the plaintiff of a right secured by the Constitution or federal statute.

[3] Adding the City as a defendant in this action will not permit Garza to sue SAPD. *Lone Star Chapter of Paralyzed Veterans of Am.*, 2010 WL 3155243, at *1 (citing *Thomas–Melton v. Dallas Cnty. Sheriff's Dep't*, 39 F.3d 320 (5th Cir. 1994)). Courts routinely dismiss claims against government departments like SAPD that lack independent jural status, even when the department is sued in concert with the actual government entity. *Id.* (citations omitted).

*Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 572 U.S. 1087 (2014).

The Texas Capitol and the U.S. Capitol are buildings. Buildings are not "persons" for purposes of section 1983 and therefore, are not state actors subject to suit under section 1983. *See, e.g.*, *Miller v. Hartwood*, 689 F.2d 1239, 1242 (5th Cir. 1983) (holding plaintiffs could not pursue section 1983 claims against apartment complex because it is not state actor); *Richardson v. Jackson Cnty. ADC*, 1:21-CV-110-LG-RPM, 2021 WL 5510246, at *1 (S.D. Miss. Nov. 24, 2021) (holding detention center is not "person" subject to suit under section 1983); *Denson v. Terrebonne Parish Sheriff's Dep't*, No. 20-2708, 2020 WL 12604683 (E.D. La. Nov. 6, 2020) (holding correctional facility is not "person" within meaning of section 1983 as it is building and not entity or person capable of being sued as such); *Williams v. Candletree Apartments*, No. 4:14-CV-377-A, 2014 WL 3964715, at *2 (N.D. Tex. Aug. 13, 2014) (dismissing section 1983 claims against two apartment buildings because neither is state actor). Thus, as to these Defendants, Carter has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

***F. Non–Existent Defendant***

Carter named the "Governor of Bexar County" as a defendant in this matter. (ECF No. 1). There is no such office in Bexar County. To the extent Carter intended to sue the Governor of the State of Texas, the Court finds the Governor is immune under the 11th Amendment to the extent he is sued in his official capacity for monetary damages.

The Eleventh Amendment of the United States Constitution bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336,

340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). It divests federal courts of subject-matter jurisdiction over suits against a state, unless the state has waived immunity or Congress has enacted a valid override. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*,491 U.S. 58, 71 (1989); *Monell*, 436 U.S. at 658, 690 n. 55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90, (1982). This is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham,* 473 U.S. at 169 (quoting *Brandon v. Holt,* 469 U.S. 464, 471 (1985)). With regard to section 1983 claims, a state is not considered a "person" within the meaning of the statute. *Will,* 491 U.S. at 64. Thus, although state officials literally are persons, if sued in their official capacities, they are not deemed "persons" for purposes of section. *Id.* at 71. A suit against an official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.; Brandon,* 469 U.S. at 471. As such, it is no different from a suit against the state itself. *Will,* 491 U.S. at 71 (citing *Graham,* 473 U.S. at 165–66; *Monell,* 436 U.S. at 690 n. 55). Thus, any claims against the Texas Governor in his official capacity for monetary damages is barred by the Eleventh Amendment. *See* U.S. CONST. amend. XI.

Moreover, to the extent Carter seeks to bring claims against the Texas Governor in his individual capacity for non–monetary damages, the Court finds Carter has not asserted any personal involvement by the Governor with regard to any alleged violation of his constitutional rights, which also precludes his claims. *See Alderson*, 848 F.3d at 420; *Jones*, 678 F.3d at 349. If Carter intended to name the Governor of Texas as a defendant in his individual capacity, he has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

***G. Improper Requests for Relief***

In addition to monetary relief, Carter states he is seeking immediate release. (ECF No. 1). His other claims for relief are indecipherable and nonsensical. As to his request for release, the remedy of release is not available as relief for a section 1983 claim. As a pretrial detainee, Carter can seek release only by way of a writ of habeas corpus after exhaustion of his available state remedies. *See* 28 U.S.C. § 2241; *Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017), *cert. denied*, 140 S. Ct. 104 (2019). Although the text of section 2241 does not require exhaustion, federal courts have long held that a section 2241 petitioner must exhaust state court remedies before a federal court will entertain a challenge to state detention. *Id.* Under the exhaustion doctrine, state prisoners must exhaust all state remedies prior to seeking federal habeas corpus relief to give the State an opportunity to pass upon and correct any alleged violations of prisoners' federal rights. *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008).

In Texas, to exhaust state remedies, a prisoner is required to present the substance of his claims to the Texas Court of Criminal Appeals by petition for discretionary review or application for writ of habeas corpus. *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001). A petitioner

is excused from the exhaustion requirement only if he can show exceptional circumstances of peculiar urgency. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). A federal district court may take notice *sua sponte* of the lack of exhaustion. *Shute v. Texas*, 117 F.3d 233, 237 (5th Cir. 1997).

This Court declines to construe the matter as an application for habeas corpus relief pursuant to section 2241 because Carter has neither alleged nor shown that he has exhausted his state–court remedies nor has he shown exceptional circumstances of peculiar urgency. *See Montano*, 867 F.3d at 542; *Deters*, 985 F.2d at 795. Thus, to the extent he seeks release, Carter's claims are subject to dismissal.

***H. Failure to Respond to Show Cause Order***

As set out above, this Court previously ordered Carter to show cause by January 7, 2022, why his Complaint should not be dismissed for the various reasons set out in the Show Cause Order. (ECF No. 7). Carter has not filed an amended complaint or responded to this Court's Show Cause Order. *See supra* n.1.

The Court has the inherent power under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss a case *sua sponte* where necessary to achieve orderly, expeditious disposition of cases. FED. R. CIV. P. 41(b). Carter's failure to respond to this Court's Show Cause Order suggests he no longer desire to pursue this matter and subjects him to dismissal under Rule 41(b) of Federal Rules of Civil Procedure for failure to prosecute and failure to comply with an Order of this Court. *See id.*

**CONCLUSION**

Carter was given an opportunity to amend his Complaint to correct the deficiencies set out in the Court's Show Cause Order, but he failed to respond. Based on the analysis set out above,

the Court finds Carter's claims are substantively subject to dismissal for various reasons. Moreover, by failing to respond to the Court's Show Cause Order, Carter's Complaint is subject to dismissal for want of prosecution and for failure to comply with the Show Cause Order.

**IT IS THEREFORE ORDERED** that to the extent Carter intended to sue the Governor of the State of Texas in his official capacity for monetary damages, such claims (ECF No. 1) are **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**. *See* U.S. CONST. amend. XI.

**IT IS FURTHER ORDERED** that Carter's remaining section 1983 claims (ECF No. 1) are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**IT IS FURTHER ORDERED** that to the extent Carter seeks the remedy of release as relief for his claims, his claims (ECF No. 1) are **DISMISSED WITHOUT PREJUDICE** to the refiling of a petition for writ of habeas corpus following exhaustion of his state–court remedies. *See* 28 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that Carter's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's Show Cause Order. *See* FED. R. CIV. P. 41(b).

**SIGNED** February 14, 2022.

**Orlando L. Garcia**
**Chief United States District Judge**